# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| BENNY CARRANZA, <br><br> Plaintiff, <br><br> v. <br><br> RALPH DIAZ et al., <br><br> Defendants. | Case No. ED CV 21-56-DMG (DFM) <br><br> ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

## I.  INTRODUCTION

In December 2020, Benny Carranza ("Plaintiff"), a California state inmate, filed a pro se civil rights complaint under 42 U.S.C. § 1983. See Dkt. 1. On January 12, 2021, the matter was transferred from the Eastern District of California to the Central District. See Dkt. 4. On February 17, the assigned Magistrate Judge dismissed the Complaint with leave to amend. See Dkt. 7. Plaintiff was afforded thirty-five (35) days to decide whether to voluntarily dismiss the matter without prejudice, elect to stand on the Complaint, or file an amended complaint. See id. at 6. Plaintiff was explicitly warned that failure to act could result in dismissal for failure to prosecute. See id. at 7.

Plaintiff filed a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge" under Federal Rule of Civil Procedure 72(a), which was denied by the Court on April 13, 2021. See Dkt. 9. In order to afford Plaintiff

adequate time to cure the deficiencies of the Complaint, Plaintiff's deadline to file an amended complaint was extended to twenty-eight (28) days after service of the Order. See id. at 3. That deadline has passed without any filing from Plaintiff.

## II. DISCUSSION

District courts have the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R., 370 U.S. 626, 629-31 (1962). In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Here, the first and second factor favor dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff has failed to respond to the Court's order or seek an extension. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

The third Carey factor also weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when there is a failure to prosecute diligently. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). That presumption may be rebutted where a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay despite being invited to do so.

The fourth factor generally weighs against dismissal; however, it assumes that a litigant has complied with the statutory obligations imposed under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) ("[T]his factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." (citation omitted)). Where, as here, the prisoner-plaintiff has failed to respond to a valid Court order, the fourth factor favors dismissal.

Finally, the fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal where, as here, the Court explicitly warned Plaintiff of the need to file a response, lest this action be dismissed for failure to prosecute. See Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

Taking all the Carey factors into account, the Court finds that the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to file an amended complaint or respond to the Court's orders.

///
///
///
///
///
///
///
///
///

### III. CONCLUSION

IT IS THEREFORE ORDERED that this action be dismissed without prejudice for failure to prosecute.

DATED: June 7, 2021

                                            DOLLY M. GEE
                                            United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge